03122109 (RWS)
06274869 (JCE)     RWS:et          8/29/16          BLUE          21689-6-79

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| JEANETTA MATICHAK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 16-CV-05877 |
| | ) |
| JOLIET PARK DISTRICT and | ) |
| DOMINIC EGIZIO, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT JOLIET PARK DISTRICT'S MOTION TO QUASH AND/OR LIMIT PLAINTIFF'S SUBPOENA DUCES TECUM DIRECTED TO THE SOTOS LAW FIRM, P.C. & JAMES SOTOS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 45(C)(3)(A)(iii)**

Pursuant to Federal Rule of Civil Procedure 45(C)(3)(A)(iii), Defendant, JOLIET PARK DISTRICT, by and through its attorneys, STELLATO & SCHWARTZ, L.T.D., files the following Motion to Quash and/or Limit Plaintiff's Subpoena Duces Tecum, and states as follows:

1. On August 18, 2015, counsel for plaintiff issued a letter to the Joliet Park District regarding claims which are the subject matter underlying plaintiff's suit. In response, Ms. Marji Swanson of Mahoney, Silverman, & Cross, LLC, acting as corporation counsel for the Joliet Park District contacted James G. Sotos of the Sotos Law Firm, P.C., in order to explore his availability to promptly conduct an independent investigation and provide legal advice to the Board for the Park District concerning the allegations contained in Mrs. Potter's letter. That same day, the Board formally appointed the Sotos Law Firm to perform the investigation and provide legal advice to the Board. The investigation itself began on August 19, 2016 and

continued through September 25, 2015. During the investigation, James G. Sotos (or members of his firm) review approximately 20,000 documents including emails, phone records, credit card statements, compensation records, personnel files, and other documents and conducted 40 interviews of current and former employees of the Park District. All of the current and former employees were provided "*Upjohn* warnings" advising that the Sotos Law Firm was retained to act as attorneys for the Park District.

2. On August 15, 2016, counsel for plaintiff sent a Subpoena Ducs Tecum to James G. Sotos, Esq. which was then resent with a date of service of 8/23/16 making the documents requested due September 2, 2016. *A copy of said Subpoena is attached hereto as Exhibit "1."* Defendant now moves to Quash and/or limit the Subpoena because a portion of the responsive documents are privileged pursuant to the Attorney/Client Privilege and Work Product Doctrine.

3. Of note, as this case had been previously set for a status conference before Magistrate Valdez for September 1, 2016, it was agreed that the parties would address and attempt to resolve any issues related to plaintiff's subpoena and Defendant's Motion to Quash at that time. *Exhibit "1"* contains a Rider (identified as Attachment A to Subpoena to the Sotos Law Firm, P.C. & James Sotos) identifying 5 categories of documents requested by the subpoena. *The Rider is attached hereto as Exhibit "2."*

4. Defendant Joliet Park District has filed this Motion to Quash, pursuant to Federal Rule of Civil Procedure 45(C)(3)(A)(iii) with regard to the production of items enumerated in plaintiff's Rider as Nos. 1, 2, and 4 as the documents requested are protected by the Attorney/Client and Work Product Privileges. *Defendant's Privilege Log is attached hereto as Exhibit "3."*

5. Specifically, enumerated item No. 1 seeks "The complete report of the investigation conducted by the Sotos Law Firm, P.C. and James Sotos relating to claims by Jeana [sic] Matichak and/or Dominic Egizio ("the investigation(s)"); enumerated item No. 2 seeks "All witness statements and all notes, summaries, transcripts, and/or recordings of interviews of witnesses who were contacted and/or interviewed as part of the investigation(s);" and, enumerated item No. 4 seeks "All documents reflecting the factual findings or determinations related to the investigation(s)."

6. "The attorney-client privilege is the oldest of the privileges for confidential communications known to the common law." *Upjohn Co. v. United States,* 449 U.S. 383, 389, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981) (citing 8 J. Wigmore, Evidence § 2290 (McNaughton rev.1961)). "Its purpose is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *Id.* To determine if a communication falls within the protection of the attorney-client privilege, the court asks: (1) whether "legal advice of any kind [was] sought ... from a professional legal adviser in his capacity as such"; and (2) whether the communication was "relat[ed] to that purpose" and "made in confidence ... by the client." *Sandra T.E. v. S. Berwyn Sch. Dist. 100*, 600 F.3d 612, 618 (7th Cir. 2010) quoting *United States v. Evans,* 113 F.3d 1457, 1461 (7th Cir.1997).

7. Following *Upjohn,* when an attorney conducts a factual investigation in connection with the provision of legal services, any notes or memoranda documenting client interviews or other client communications in the course of the investigation are fully protected by the attorney-client privilege. *See, e.g., In re Allen,* 106 F.3d 582, 602 (4th Cir. 1997) ("The relevant question is not whether [the attorney] was retained to conduct an investigation, but

rather, whether this investigation was related to the rendition of legal services."*United States v. Rowe,* 96 F.3d 1294, 1297 (9th Cir.1996) (emphasizing that *Upjohn* made "clear that fact-finding which pertains to legal advice counts as 'professional legal services'").

8. Moreover, "the work-product doctrine is 'distinct from and broader than the attorney-client privilege.'" *In re Special September 1978 Grand Jury (II),* 640 P.2d 49, 62 (7th Cir.1980) (quoting *United States v. Nobles,* supra, 422 U.S. at 238 n. 11, 95 S.Ct. at 2170 (1974)). It shields "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative." Fed.R.Civ.P. 26(b)(3). Specifically, the doctrine "protect[s] against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." *Id.* Documents not containing such impressions, conclusions, opinions, or legal theories are discoverable only after "showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means." *Mattenson v. Baxter Healthcare Corp.,* 438 F.3d 763, 768–69 (7th Cir.2006) (citing *Hickman v. Taylor,* 329 U.S. 495, 511–12, 67 S.Ct. 385, 91 L.Ed. 451 (1947); *In re Cendant Corp. Securities Litigation,* 343 F.3d 658, 663 (3d Cir.2003)).

9. The work-product doctrine protects the materials at issue here from disclosure. The work-product doctrine is designed to serve dual purposes: (1) to protect an attorney's thought processes and mental impressions against disclosure; and (2) to limit the circumstances in which attorneys may piggyback on the fact-finding investigation of their more diligent counterparts. *See, e.g., Hickman v. Taylor,* 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947). In *Sandra T.E.*, a case involving a claim of sexual assault by a teacher, the District Court concluded

that notes of witness interviews and related documents were not protected by the Work Product Doctrine because the firm hired to perform the investigation was hired to act as an "investigator" and not an "attorney." Reaching this conclusion, the district court ordered the defendant to produce the notes of the witness interviews.

10. However, the Seventh Circuit rejected this conclusion, noting that in the context of a work-product claim in *Harper & Row Publishers, Inc. v. Decker,* 423 F.2d 487 (7th Cir.1970) that "where an attorney personally prepares a memorandum of an interview of a witness with an eye toward litigation, such memorandum qualifies as work product even though the lawyer functioned primarily as an investigator." *At* 621. Thus, work-product protection applied to an attorney-led investigation when the documents at issue could "fairly be said to have been prepared or obtained because of the prospect of litigation." *Sandra T.E. at* 621–22, *See also Logan v. Commercial Union Ins. Co.,* 96 F.3d 971, 976–77 (7th Cir.1996). The *Sandra T.E.* Court noted, "There is a distinction between precautionary documents 'developed in the ordinary course of business' for the 'remote prospect of litigation' and documents prepared because 'some articulable claim, *likely* to lead to litigation, [has] arisen.'" Quoting, *Binks Mfg. Co. v. Nat'l Presto Indus., Inc.,* 709 F.2d 1109, 1120 (7th Cir. 1983) *Id.* at 621–22 (*Italics in original*).

11. As the document's requested by plaintiff pursuant to her subpoena enumerated as items Nos. 1, 2, and 4 seek the recommendations, findings, assessments of liability, potential defenses, and the mental impressions of James G. Sotos and members of his Firm, who were specifically retained by the Joliet Park District Board to perform an internal investigation immediately after the Board received Ms. Potter's letter threatening, or at the very least insinuating the potential for litigation, it is clear that all of the documents responsive to the

enumerated items (and as identified in the attached Privilege Log) are protected and plaintiff's Subpoena Duce Tecum seeking these specific items should be quashed.

WHEREFORE, Defendant, JOLIET PARK DISTRICT, prays that this Honorable Court enter an Order Quashing Plaintiff's Subpoena Duce Tecum with regard to Rider Items Nos. 1, 2, and 4 under Rule 45(C)(3)(A)(iii) and/or Modify the subpoena to eliminate disclosure of the privileged matters contained in Defendant's Privilege Log attached hereto as *Exhibit "3"* and for all other relief this Court deems just and proper.

                        Respectfully submitted,

                        STELLATO & SCHWARTZ, LTD.

                        By*:   /S/ James C. Elder*
                              James C. Elder

03122109
STELLATO & SCHWARTZ, LTD.
Attorneys for Defendant - Joliet Park District
120 North LaSalle Street, 34th Floor
Chicago, Illinois 60602
(312) 419-1011

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Illinois

| | |
|---|---|
| JEANETTA MATICHAK<br>*Plaintiff*<br>v.<br>JOLIET PARK DISTRICT and DOMINICK EGIZIO,<br>an individual<br>*Defendant* | )<br>)<br>)  Civil Action No. 16 C 5877<br>)<br>)  (If the action is pending in another district, state where:<br>)<br>)                                                                      ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: James Sotos, Esq. - The Sotos Law Firm, P.C. 822 Infantry Drive, Suite 100 Joliet, Illinois 60435

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See Attachment A

| Place: ROBIN POTTER & ASSOCIATES, P.C.<br>111 E. Wacker Drive, Suite 2600<br>Chicago, IL 60601 | Date and Time:<br>09/02/2016 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: ___08/23/2016___

CLERK OF COURT

OR

_____          /s/Robin Potter
*Signature of Clerk or Deputy Clerk*            *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Plaintiff Jeanetta Matichak
Robin Potter, Esq._____, who issues or requests this subpoena, are:
111 E. Wacker Drive, Suite 2600, Chicago, IL 60601
robin@potterlaw.org
(312) 861-1800

EXHIBIT 1

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 16 C 5877

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* The Sotos Law Firm, P.C.
was received by me on *(date)* _____.

☑ I served the subpoena by delivering a copy to the named person as follows: by U.S. Mail directed to the address listed on the above subpoena. Delivery confirmation number: _____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of
$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

Kiersten Hellegers
*Server's signature*

Kiersten Hellegers, Legal Secretary
*Printed name and title*

ROBIN POTTER & ASSOCIATES, P.C.
111 E. Wacker Drive, Suite 2600
Chicago, IL 60601

*Server's address*

Additional information regarding attempted service, etc:

## ATTACHMENT A TO SUBPOENAS TO
## THE SOTOS LAW FIRM, P.C. &
## JAMES SOTOS

**You are hereby required to produce** all documents, electronically stored information, images, recordings, and other things in your possession, custody, or control, as follows:

1. The complete report of the investigation conducted by the Sotos Law Firm, P.C. and James Sotos relating to claims by Jeana Matichak and/or Dominic Egizio ("the investigation(s)").

2. All witness statements and all notes, summaries, transcripts, and/or recordings of interviews of witnesses who were contacted and/or interviewed as part of the investigation(s).

3. All documents, electronically stored information, images, recordings, and other things:

    a. provided by Dominic Egizio or anyone acting on his behalf relating to the investigation(s); and/or

    b. provided by the Joliet Park District or anyone acting on its behalf relating to the investigation(s) and/or

    c. obtained and/or reviewed as part of the investigation(s).

4. All documents reflecting the factual findings or determinations relating to the investigation(s).

5. All documents relating to any prior, current or other investigations, charges or other investigations or charges against the Joliet Park District involving Dominic Egizio and/or any member of the Joliet Park District, including but not limited to Art Schultz.



16-CV-05877
Judge Gottschall
Magistrate Judge Valdez

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JEANETTA MATICHAK,

Plaintiff,

v.

No.: 16-CV-05877

JOLIET PARK DISTRICT and
DOMINIC EGIZIO,

Defendants.

JOLIET PARK DISTRICT PRIVILEGE LOG

| Doc. No. | DATE | DOCUMENT TYPE | NUMBER OF PAGES | ORIGINAL AUTHOR(S) | RECIPIENT(S) | COPIED | RE: | PRIVILEGE |
|---|---|---|---|---|---|---|---|---|
| 1 | 9/28/15 | Typed Report to Joliet Park District Board | 45 | James G. Sotos; Jeffrey R. Kivetz; Laura M. Rawski of Sotos Law Firm, P.C. | Park District Board; Marji Swanson; | Stellato & Schwartz, LTD | Factual Findings; Analysis of legal claims and defenses; and Recommendations | AC/WP |

AC/WP --- Attorney-Client/Work Product


EXHIBIT "3"

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 2 | 9/28/15 | Typed Summary of Sotos Report | 18 | James G. Sotos; Jeffrey R. Kivetz; Laura M. Rawski of Sotos Law Firm, P.C. | Park District Board; Marji Swanson; | Stellato & Schwartz, LTD | Factual Findings; Analysis of legal claims and defenses; and Recommendations | AC/WP |
| 3 | 9/11/15 | Transcript | 187 | James G. Sotos; Jeffrey R. Kivetz; Valerie Studde of Sotos Law Firm, P.C. and Marc J. Siegel, attorney for Egizio | | Stellato & Schwartz, LTD | Interview of Dominic Egizio | AC/WP |
| 4 | 9/3/15 | Typed notes | 1 | Jeffrey R. Kivetz; Sotos Law Firm, P.C. | | Stellato & Schwartz, LTD | Interview of Diane Martin Remley | AC/WP |
| 5 | 9/8/15 | Typed notes | 3 | James G. Sotos; Sotos Law Firm, P.C. | | Stellato & Schwartz, LTD | Interview of Art Schultz, Jr | AC/WP |
| 6 | 8/26/15 | Typed notes | 6 | James G. Sotos; Sotos Law Firm, P.C. | | Stellato & Schwartz, LTD | Interview of Beth Ley | AC/WP |
| 7 | 8/31/15 | Typed notes | 3 | Jeffrey R. Kivetz; Sotos Law Firm, PC | | Stellato & Schwartz, LTD | Interview of Blaine Kline | AC/WP |

AC/WP --- Attorney-Client/Work Product

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 8 | 8/26/15 | Typed notes | 6 | James G. Sotos; Sotos Law Firm, P.C. | | Stellato & Schwartz, LTD | Interview of Carrie Anderson | AC/WP |
| 9 | 8/31/15 | Typed notes | 5 | James G. Sotos; Sotos Law Firm, P.C. | | Stellato & Schwartz, LTD | Interview of Diane Marry | AC/WP |
| 10 | 9/1/15 | Typed notes | 2 | James G. Sotos; Sotos Law Firm, P.C. | | Stellato & Schwartz, LTD | Interview of Elizabeth Reyes | AC/WP |
| 11 | 8/24/15 | Typed notes | 6 | James G. Sotos; Sotos Law Firm, P.C. | | Stellato & Schwartz, LTD | Interview of Gina Rodriguez | AC/WP |
| 12 | 8/31/15 | Typed notes | 3 | James G. Sotos; Sotos Law Firm, P.C. | | Stellato & Schwartz, LTD | Interview of Gina Rodriguez | AC/WP |
| 13 | 9/8/15 | Typed notes | 3 | James G. Sotos; Sotos Law Firm, P.C. | | Stellato & Schwartz, LTD | Interview of Glen Marcum | AC/WP |
| 14 | 8/28/15 | Typed notes | 3 | James G. Sotos; Sotos Law Firm, P.C. | | Stellato & Schwartz, LTD | Interview of Jason Henry | AC/WP |
| 15 | 9/3/15 | Typed notes | 16 | James G. Sotos; Sotos Law Firm, P.C. Counsel for Plaintiff | | Stellato & Schwartz, LTD | Interview of Jeana Matichak | AC/WP |

AC/WP --- Attorney-Client/Work Product

| 16 | 9/2/15 | Typed notes | 5 | James G. Sotos; Sotos Law Firm, P.C. | | Stellato & Schwartz, LTD | Interview of Larry Burich | AC/WP |
|---|---|---|---|---|---|---|---|---|
| 17 | 8/31/15 | Typed notes | 5 | James G. Sotos; Sotos Law Firm, P.C. | | Stellato & Schwartz, LTD | Interview of Lindsey Ermie | AC/WP |
| 18 | 8/24/15 | Typed notes | 3 | James G. Sotos; Sotos Law Firm, P.C. | | Stellato & Schwartz, LTD | Interview of Madonna Gale | AC/WP |
| 19 | 8/20/15 | Typed notes | 2 | James G. Sotos; Sotos Law Firm, P.C. | | Stellato & Schwartz, LTD | Interview of Marji Swanson | AC/WP |
| 20 | 9/2/15 | Typed notes | 4 | James G. Sotos; Sotos Law Firm, P.C. | | Stellato & Schwartz, LTD | Interview of Marji Swanson | AC/WP |
| 21 | 9/1/15 | Typed notes | 4 | James G. Sotos; Sotos Law Firm, P.C. | | Stellato & Schwartz, LTD | Interview of Mary Kay Kiley | AC/WP |
| 22 | 8/24/15 | Typed notes | 5 | James G. Sotos; Sotos Law Firm, P.C. | | Stellato & Schwartz, LTD | Interview of Mary Magee-Huth | AC/WP |
| 23 | 9/23/15 | Typed notes | 1 | James G. Sotos; Sotos Law Firm, P.C. | | Stellato & Schwartz, LTD | Interview of Nick Sakellariou | AC/WP |
| | | | | | | | | |

AC/WP --- Attorney-Client/Work Product

| 24 | 9/2/15 | Typed notes | 4 | James G. Sotos; Sotos Law Firm, P.C. | | Stellato & Schwartz, LTD | Interview of Pam Adams | AC/WP |
|---|---|---|---|---|---|---|---|---|
| 25 | 9/1/15 | Typed notes | 1 | James G. Sotos; Sotos Law Firm, P.C. | | Stellato & Schwartz, LTD | Interview of Sengdara Sourigno | AC/WP |
| 26 | 9/8/15 | Typed notes | 5 | James G. Sotos; Sotos Law Firm, P.C. | | Stellato & Schwartz, LTD | Interview of Sue Gulas | AC/WP |
| 27 | 8/28/15 | Typed notes | 6 | James G. Sotos; Sotos Law Firm, P.C. | | Stellato & Schwartz, LTD | Interview of Suzanne Muehlbauer-Palmer | AC/WP |
| 28 | 8/25/15 | Typed notes | 5 | James G. Sotos; Sotos Law Firm, P.C. | | Stellato & Schwartz, LTD | Interview of Ted Brodeur | AC/WP |
| 29 | 9/8/15 | Typed notes | 6 | James G. Sotos; Sotos Law Firm, P.C. | | Stellato & Schwartz, LTD | Interview of Ted Brodeur | AC/WP |
| 30 | 8/24/15 | Typed notes | 3 | James G. Sotos; Sotos Law Firm, P.C. | | Stellato & Schwartz, LTD | Interview of Terry Keigher | AC/WP |
| 31 | 8/25/15 | Typed notes | 3 | Jeffrey R. Kivetz; Sotos Law Firm, P.C. | | Stellato & Schwartz, LTD | Interview of Brad Staab | AC/WP |

AC/WP --- Attorney-Client/Work Product

| | | | | | | |
|---|---|---|---|---|---|---|
| 32 | 8/28/15 | Typed notes | 3 | Jeffrey R. Kivetz; Sotos Law Firm, P.C. | Stellato & Schwartz, LTD | Interview of Brian Legan | AC/WP |
| 33 | 8/31/15 | Typed notes | 2 | Jeffrey R. Kivetz; Sotos Law Firm, P.C. | Stellato & Schwartz, LTD | Interview of Danielle Reilly | AC/WP |
| 34 | 8/28/15 | Typed notes | 5 | Jeffrey R. Kivetz; Sotos Law Firm, P.C. | Stellato & Schwartz, LTD | Interview of Duke Welch | AC/WP |
| 35 | 9/1/15 | Typed notes | 3 | Jeffrey R. Kivetz; Sotos Law Firm, P.C. | Stellato & Schwartz, LTD | Interview of Givon Jasper | AC/WP |
| 36 | 8/26/15 | Typed notes | 5 | Jeffrey R. Kivetz; Sotos Law Firm, P.C. | Stellato & Schwartz, LTD | Interview of Jill Kren | AC/WP |
| 37 | 8/28/15 | Typed notes | 2 | Jeffrey R. Kivetz; Sotos Law Firm, P.C. | Stellato & Schwartz, LTD | Interview of Karen Gustafson | AC/WP |
| 38 | 9/1/15 | Typed notes | 2 | James G. Sotos & Jeffrey R. Kivetz; Sotos Law Firm, P.C. | Stellato & Schwartz, LTD | Interview of Karen Gustafson | AC/WP |
| 39 | 8/25/15 | Typed notes | 7 | Jeffrey R. Kivetz; Sotos Law Firm, PC | Stellato & Schwartz, LTD | Interview of Matt Pehle | AC/WP |

AC/WP --- Attorney-Client/Work Product

| | | | | | |
|---|---|---|---|---|---|
| 40 | 8/26/15 | Typed notes | 6 | Jeffrey R. Kivetz; Sotos Law Firm, P.C. | | Interview of Mike Reilly | AC/WP |
| 41 | 9/1/15 | Typed notes | 1 | James G. Sotos; Sotos Law Firm, P.C. | | Interview of Ron Dodd Call | AC/WP |
| 42 | 8/20/15 | Typed notes | 2 | James G. Sotos; Sotos Law Firm, P.C. | | Interview of Teri Talarico | AC/WP |


| # | Date | Type | Pages | From | To | Description | Privilege |
|---|---|---|---|---|---|---|---|
| 40 | 8/26/15 | Typed notes | 6 | Jeffrey R. Kivetz; Sotos Law Firm, P.C. | Stellato & Schwartz, LTD | Interview of Mike Reilly | AC/WP |
| 41 | 9/1/15 | Typed notes | 1 | James G. Sotos; Sotos Law Firm, P.C. | Stellato & Schwartz, LTD | Interview of Ron Dodd Call | AC/WP |
| 42 | 8/20/15 | Typed notes | 2 | James G. Sotos; Sotos Law Firm, P.C. | Stellato & Schwartz, LTD | Interview of Teri Talarico | AC/WP |

AC/WP --- Attorney-Client/Work Product